UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JAMES GUIDRY

VERSUS

MURPHY OIL USA, INC.,
ET AL

CIVIL ACTION

NUMBER 14-223-BAJ-SCR

**RULING ON MOTION TO EXTEND DEADLINES**

Before the court is the plaintiffs' Motion to Extend Discovery and Motion to Compel Fact Discovery Deadline. Record document number 8.

Plaintiffs seeks to extend the expired December 31, 2014 deadline for the parties to complete their fact discovery and file motions to compel fact discovery to May 31, 2015. This deadline was set in the Scheduling Order issued on July 3, 2014[1] and is the deadline suggested by the parties in their Status Report.[2]

Rule 16, Fed.R.Civ.P., requires a showing of good cause to extend a scheduling order deadline. Furthermore the Scheduling Order specifically reminded the parties of this requirement:

> Joint, agreed or unopposed motions to extend scheduling order deadlines will not be granted automatically. **All motions to extend scheduling order deadlines must be supported by facts sufficient to find good cause as**

---

[1] Record document number 4.

[2] Record document number 3, pp. 6-7, Section H..

**required by Rule 16, Fed.R.Civ.P.**[3]

This motion does not contain any information sufficient to find good cause to extend the deadline.[4] Plaintiff essentially ignored both Rule 16 and the court's reminder in the Scheduling Order.

The basis for the motion is that the plaintiff could not complete his fact discovery and/or file a motion to compel fact discovery due to "circumstances beyond plaintiff's control," but no such circumstance are described in the motion. The motion does not describe any discovery that has already been completed or identify any specific discovery that is necessary - not just desirable. Plaintiff noted that the defendants filed a Motion for Summary Judgment on March 20, 2015,[5] and then asserted that further discovery is required. However, the motion does not identify any specific discovery that is necessary to respond to the defendants's Motion for Summary Judgment.[6] The motion asserts that the defendants were served with written discovery requests on August 16, 2012, but have not answered them. This date is almost two

---

[3] Record document number 4, p. 2 (emphasis added).

[4] Plaintiff also filed a supporting memorandum, but it provides not additional information about the plaintiff's efforts to diligently complete his discovery.

[5] Record document number 7.

[6] Nor does the plaintiff's motion meet the requirements for a request under Rule 56(d), Fed.R.Civ.P.

years before the case was removed to this court on April 15, 2014. Plaintiff failed to explain why he could not have filed a motion to compel discovery by the December 31, 2014 deadline.

Accordingly, the plaintiffs' Motion to Extend Discovery and Motion to Compel Fact Discovery Deadline is denied.

Baton Rouge, Louisiana, March 24, 2015.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE