UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JAMES GUIDRY                                            CIVIL ACTION

VERSUS

MURPHY OIL USA, INC., ET AL.                    NO.: 14-00223-BAJ-SCR

## SUA SPONTE ORDER

The Court *sua sponte* raises the question of subject matter jurisdiction, in connection with the amount in controversy requirement forming the basis for removal of the instant case from the 23rd Judicial District Court, Parish of Ascension, Louisiana. The notice of removal invoked general diversity jurisdiction, as described in 28 U.S.C. § 1332(a). (Doc. 1 at p. 6).[1]

The Court ordinarily consults the state court petition to determine the amount in controversy. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). However, Louisiana prohibits plaintiffs from petitioning for a specific monetary amount. *See* La. C.C.P. art. 893(A)(1). Therefore, where, as here, the petition does not include a specific monetary demand, the removing party must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

---

[1] This action was once prior removed to this Court, in a matter styled Civil Action No. 12-00559-SDD-RLB, but was remanded to state court upon this Court's finding that diversity jurisdiction was not facially apparent from the petition, nor was jurisdiction established through summary judgment type evidence. *See Manguno v. Prudential Prop. & Cas. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).
    The notice of removal in the instant case asserts that removal here is timely, notwithstanding that it has been filed more than a year after commencement of the action, because Defendants allege that, at the time of the first removal, Plaintiff James Guidry had acted in bad faith by deliberately failing to disclose the actual amount in controversy. *See* 28 U.S.C. § 1446(c)(3)(B). (Doc. 1 at pp. 4–5, 7).

This requirement is met if (1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth "summary judgment type evidence" of facts in controversy that support a finding of the requisite amount. *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Simon v. Wal–Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

In their notice of removal, Defendants set forth summary judgment type evidence supporting a finding of the threshold amount in controversy. Defendants noted that they possess additional evidence—including records from Plaintiff Guidry's treating physicians—which they are willing to produce under proper protective order, should the Court require such production. (Doc. 1 at p. 4 n.1).

Accordingly,

**IT IS ORDERED** that, if they wish to show that federal jurisdiction exists and that removal was proper, Defendants Murphy Oil USA, Inc. and Liberty Mutual Fire Insurance Company shall, **on or before** May 21, 2015, file into the record supplementary documentation which would support a finding of the requisite amount in controversy. If any sensitive information is to be filed—e.g., medical information—Defendants may file under seal.

Baton Rouge, Louisiana, this 12th day of May, 2015.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**