UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JAMES GUIDRY                                                     CIVIL ACTION

VERSUS

MURPHY OIL USA, INC., ET AL.                 NO.: 14-00223-BAJ-SCR

## RULING AND ORDER

Before the Court is the **Motion for Summary Judgment (Doc. 7)** filed by Defendants Murphy Oil USA, Inc. ("Murphy Oil") and Liberty Mutual Fire Insurance Company (together, "Defendants"), seeking an order dismissing Plaintiff James Guidry's claims in their entirety, pursuant to Federal Rule of Civil Procedure ("Rule") 56. Plaintiff opposes this motion. (Doc. 10). With leave of Court, Defendant filed a Reply Brief in support of its Motion for Summary Judgment. (Doc. 14). Jurisdiction is proper pursuant to 28 U.S.C. §§ 1332, 1441.[1] Additional briefing is not required. Oral argument is not necessary.

---

[1] In their removal petition, Defendants noted that they possessed records from Plaintiff's treating physicians which they would produce under proper protective order. (Doc. 1 at p. 4 n.1). On May 12, 2015, to fully satisfy itself of the amount in controversy requisite for subject matter jurisdiction, the Court issued an order mandating that such documentation be filed, under seal if necessary. (*See* Doc. 15). One week later, on May 19, 2015, Plaintiff filed a stipulation that the value of the case does not exceed $75,000. (Doc. 16). Two days after that, Defendants filed their memorandum in support of jurisdiction and sealed documentation. (Docs. 17, 18). The Court finds that Defendants have set forth sufficient summary judgement type evidence supporting a finding that the requisite amount in controversy existed at the time of removal.
   "[E]vents occurring subsequent to removal which reduce the amount recoverable, whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 293 (1938). A district court properly disregards a post-removal affidavit and stipulation for damages less than $75,000, and such affidavit and stipulation do not divest the court of jurisdiction. *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). Accordingly, the Court here disregards Plaintiff's post-removal stipulation regarding the amount in controversy.

## I. PROCEDURAL HISTORY

On August 9, 2012, Plaintiff filed a petition in the 23rd Judicial District Court, Ascension Parish, State of Louisiana, alleging that he slipped and fell at a gas station owned by Defendant Murphy Oil (Doc. 1-2). Plaintiff claimed that he went into the gas station store to notify the staff of a leak in the gasoline hose, "when suddenly and without warning, he slipped and fell on the tile." (*Id.* at ¶ 3). According to the petition, Plaintiff suffered injuries including, but not limited to his left arm, left shoulder, left elbow, and neck. (*Id.* at ¶ 12). He alleged that his injury was caused "solely and proximately by the gross and flagrant recklessness, carelessness, negligence and fault" of Murphy Oil and he alleged, alternatively, Murphy Oil's liability pursuant to La. C.C. art. 2317, *et seq.* (Doc. 1-2 at ¶¶ 5–6).

The case was timely removed to this Court, but was remanded in August 2013 based on insufficient evidence of the threshold amount in controversy. (*See* Civil Action No. 12-559-SDD-RLB, Doc. 14). Thereafter, Defendants received new evidence contradicting Plaintiff's earlier representations regarding the extent of his medical treatment, and they also received Plaintiff's denial of requests for admission that the amount in controversy did not satisfy the $75,000 jurisdictional threshold. (Doc. 1 at ¶¶ 9–15). Upon discovery of the new information, Defendants timely removed the matter to this Court, forming the instant case.

## II. FACTUAL BACKGROUND[2]

In the early morning on Labor Day of 2011, Plaintiff drove to the Murphy Oil gas station in Gonzales, Louisiana to fill his car with gas. (Doc. 7-3 at pp. 6, 9). He immediately exited his car to go into the gas station store and prepay for his gas. (*Id.* at p. 11). Plaintiff's car was the only car in the gas station at the time, and he did not recall seeing any cars pulling out when he pulled in. (*Id.* at p. 10).

According to Plaintiff, it had rained heavily earlier that morning. (*Id.* at p. 8). He recalls that it may have been "sprinkling lightly" on his drive to the gas station. (*Id.*). The area between the gas pumps and the front door of the store was uncovered, and there was "light water" at approximately a half-inch depth on the ground. (*Id.* at p. 12). When Plaintiff entered the store to prepay, there was nobody else entering or exiting the store; there were no other customers in the store when he came in, and no new customers entered while he was inside. (*Id.* at pp. 13, 16). He did not notice any substance on the floor of the store. (*Id.* at p. 15). He did not notice any mats on the floor, nor any "wet floor" sign. (*Id.*).

After prepaying with the store clerk, Plaintiff exited the store the way he came and walked back to the gas pump. (*Id.* at p. 17). He began pumping his gas and noticed what he believed to be water falling from the gas pump's hose. (*Id.* at pp. 18, 19). Plaintiff smelled gas, touched the dripping substance, and realized that

---

[2] The factual background is derived from a transcript of Plaintiff's deposition testimony taken on March 17, 2014 as well as an affidavit from Eric Burise, the Murphy Oil District Manager for the district that includes the gas station where the incident in question occurred, both items of which were attached to Defendants' instant motion for summary judgment. (*See* Docs. 7-3, 7-4). Neither Plaintiff's opposition nor Defendants' reply supplemented the evidentiary record further. (*See* Doc. 10).

3

the hose was leaking. (*Id.* at pp. 19, 20). Plaintiff finished pumping his gas soon after realizing there was a leak, and he walked towards the store, in the same path he had taken to prepay, to notify the gas station employees of an issue. (*Id.* at p. 22). To Plaintiff's knowledge, nobody else had entered the store at that point. (*Id.* at p. 23).

As he was walking into the store the second time, Plaintiff slipped and fell on the store's tile floor. (*Id.* at pp. 24, 25). After "maybe not quite a minute," Plaintiff stood up. (*Id.* at p. 28). He noticed on the ground "a black smear about maybe four inches long, five inches long where [his] shoe made a black smear." (*Id.* at p. 29). There was also a "drip" of blood from Plaintiff's finger on the ground. (*Id.* at pp. 28, 29). He did not see any puddle in the store. (*Id.*). None of his clothing was wet when he got up. (*Id.* at p. 32).

The store clerk told Plaintiff that the store manager would be coming shortly, so Plaintiff waited by the counter. (*Id.* at p. 30). Right about the same time the manager arrived, a man entered the store to buy beer. (*Id.* at pp. 26, 30–31). Plaintiff walked out with the store manager to show her the leak. (*Id.* at p. 26). The man accompanied Plaintiff and the manager outside to the pump, and the man pointed out to Plaintiff a film across the water on the ground, which Plaintiff described as a "perfect little trail" where he had walked, tracking a "film of oil or something." (*Id.* at pp. 26–27). Plaintiff did not get the man's name, nor does he remember what the man looked like. (*Id.* at p. 31). After showing the manager the leak, Plaintiff got into his car, left the gas station, and went home. (*Id.* at p. 33).

4

The District Manager for the district in which the gas station is located, Eric Burise, states under penalty of perjury that there had been no reports or indications of leaks or other malfunctions with the pump used by Plaintiff, Pump #8, at any time within at least six months prior to the alleged incident. (Doc. 7-4 at ¶ 6). Burise states that the first and only report of any alleged leakage from Pump #8 was by Plaintiff immediately after Plaintiff's fall. (*Id.* at ¶ 7).

### III. LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be genuinely disputed must support the assertion by citing materials in the record, including "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, [and] interrogatory answers" or that an adverse party cannot produce admissible evidence to support the presence of a genuine dispute. See Fed. R. Civ. P. 56(c).

"[W]hen a properly supported motion for summary judgment is made, the adverse party must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quotation marks and footnote omitted). "This burden is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or

by only a scintilla of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (quotation marks and citations omitted). In determining whether the movant is entitled to summary judgment, the Court "view[s] facts in the light most favorable to the non-movant and draw[s] all reasonable inferences in her favor." *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997).

In sum, summary judgment is appropriate if, "after adequate time for discovery and upon motion, [the non-movant] fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

IV. **DISCUSSION**

A. **Applicable Law**

Defendants file the instant summary judgment motion seeking dismissal with prejudice of Plaintiff's entire action, contending that the matter is governed *exclusively* by Louisiana's "Merchant Liability Statute," La. R.S. § 9:2800.6 and that Plaintiff has not met his burden of proof under that statute.[3] (Doc. 7-1). In his

---

[3] Section 9:2800.6 sets forth the burden of proof in claims against merchants, providing:

> A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:

6

opposition, Plaintiff does not dispute that he seeks to establish liability through La. R.S. § 9:2800.6, but he maintains that Defendants are also at fault under La. C.C. art. 2317.1.[4] (*See* Doc. 10 at p. 3).

Louisiana courts have consistently held: "when two statutes are in conflict, the statute that is more specifically directed to the matter at issue must prevail as an exception to the statute that is more general." *Smith v. Cajun Insulation, Inc.*, 392 So. 2d 398, 402 (La. 1980); *Roberts v. Hartford Fire Ins. Co.*, 926 So.2d 121, 123 (La. Ct. App.), *writ denied*, 930 So. 2d 984 (La. 2006). The Louisiana Supreme Court has specified that, where a negligence claim is brought against a merchant for damages as a result of injury sustained in a fall, a claimant is held to the heightened burden of proof of La. R.S. § 9:2800.6B, which enumerates requirements of foreseeability, notice, and failure to exercise reasonable care. *See Smith v. Toys ""R" Us, Inc.*, 754 So. 2d 209, 212 n.2 (La. 1999). Further, Louisiana courts, as well as sister federal district courts interpreting Louisiana law, have held that La. R.S. § 9:2800.6 governs a cause of action against merchants for a fall on the premises—to the exclusion of La. C.C. art. 2317.1. *See, e.g., Gruver v. Kroger Co.*, 54 So. 3d 1249,

---

(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

[4] La. C.C. art. 2317.1 provides: "The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case."

1252 n.3 (La. Ct. App.), *writ denied*, 62 So. 3d 92 (La. 2011); *Gray v. Wal-Mart Louisiana, LLC*, No. 1:09-CV-1523, 2011 WL 4551460, at *2 (W.D. La. Sept. 29, 2011), *aff'd sub nom. Gray v. Wal-Mart Louisiana, L.L.C.*, 484 F. App'x 963 (5th Cir. 2012).

Because Plaintiff claims to have fallen on a merchant's premises, Section 9:2800.6 exclusively controls the matter. The Court is not permitted to consider a cause of action under Article 2317.1, not even as an alternative argument. *See Brown v. Wal-Mart Louisiana, L.L.C.*, No. 6:10-cv-01402, slip op. at pp. 8–11) (in slip and fall case on merchant premises, dismissing claims under La C.C. arts. 2317.1 and 2322 on a motion to dismiss after finding Section 9:2800.6 to govern and holding that it is error to apply civil code articles alongside Section 9:2800.6). Hence, here, the Court finds that Louisiana's "Merchant Liability Statute," La. R.S. § 9:2800.6, *exclusively* controls the matter and proceeds to the summary judgment analysis under that provision only.

### B. Summary Judgment Analysis

According to Plaintiff, "water and gas" caused his slip. (Doc. 7-3 at p. 25). Defendants argue that Plaintiff has not made a sufficient showing of at least two essential elements to his claim under La. R.S. § 9:2800.6: (1) the existence of a condition presenting an unreasonable risk of harm, and (2) Defendant's actual or constructive notice of the condition.

The Court finds that here, at the summary judgment juncture, Plaintiff has met his burden to prove that an unreasonably harmful condition existed on the

premises of Defendant Murphy Oil at the time of the incident in question.[5] The Court is of the opinion that the hazardous "condition" in this case was the gas that had leaked from the hose at the pump, perhaps mixed with rainwater, which had been tracked onto the store's tile floor. *See Bassett v. Toys "R" Us Delaware, Inc.*, (La. Ct. App. 2002), 836 So. 2d 465, 468, *writ denied sub nom. Bassett v. Toys ""R" Us Delaware, Inc.*, 842 So. 2d 408 (La. 2003) (holding that there is "no question" that water located in the vestibule of a store, which had been tracked in by customers, presented a hazardous condition under La. R.S. 9:2800.6).

Plaintiff has not, however, met his burden to prove the required element of notice, that is, that "[t]he merchant either created or had actual or constructive notice[6] of the condition which caused the damage, prior to the occurrence." La. R.S.

---

[5] Plaintiff stated at his deposition that there was no water, or any other substance, on the floor of the store before or after his alleged fall, and that none of his clothes were wet after he got up. (See Doc. 7-3 at pp. 15, 29). Defendants argue that such testimony precludes any claim that water was the cause of an unsafe condition. (Doc. 7-1 at p. 16). Defendants further contend that Plaintiff's only basis for claiming that gasoline caused the unreasonably harmful condition leading to Plaintiff's fall is the alleged statement of a man whom Plaintiff cannot identify; Defendants argue that such a statement is inadmissible hearsay. (Doc. 7-3 at pp. 25–27).

"Evidence on summary judgment may be considered to the extent not based on hearsay or other information excludable at trial." *Fowler v. Smith*, 68 F.3d 124, 126 (5th Cir. 1995). Although the Court is inclined to deem the statements of the unidentified man to be inadmissible hearsay—and Plaintiff has not presented an argument to the contrary—Plaintiff's deposition testimony indicates that Plaintiff himself observed a "perfect little trail" consisting of a "film of oil or something," apart from what the unidentified man told him. (*See* Doc. 7-3 at p. 27). According to Plaintiff, when he stood up after his fall, he saw "a black smear . . . where my shoe made a black smear." (Doc. 7-2 at p. 29). Such evidence is established without relying on inadmissible hearsay.

The Court observes that several statements made by Plaintiff at his deposition appear to be inconsistent. At the summary judgement stage, however, the Court is required to view the facts in the light most favorable to Plaintiff and make all reasonable inferences in Plaintiff's favor. Accordingly, the Court rejects Defendants' argument that Plaintiff has not shown even the existence of an unreasonably dangerous condition. Plaintiff has met his burden to prove that some substance existed on Murphy Oil's premises at the time of the incident in question to create a condition presenting an unreasonable risk of harm under La. R.S. § 9:2800.6.

[6] La. R.S. § 9:2800.6 itself defines constructive notice in subsection C(1):

"Constructive notice" means the claimant has proven that the condition existed for

§ 9:2800.6B(2). La. R.S. § 9:2800.6 itself defines constructive notice in subsection C(1):

> "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.

The Louisiana Supreme Court has held that when a plaintiff relies upon constructive notice to prove his case, he must come forward with positive evidence to show that the damage-causing condition existed for "some period of time," and that such time was sufficient to place the defendant on notice of its existence. *See White v. Wal-Mart Stores, Inc.*, 699 So. 2d 1081 (La. 1997). "Because it is the claimant's burden to prove its existence for some period of time, the absence of evidence can not support the claimant's cause of action." *White*, 699 So. 2d at 1086. *See also Kennedy v. Wal-Mart Stores, Inc.*, 733 So. 2d 1188, 1191 (La. 1999) ("Though the time period need not be specific in minutes or hours, constructive notice requires that the claimant prove the condition existed for some time period prior to the fall. This is not an impossible burden.").

There is no showing of actual notice in this matter. By Plaintiff's own account, he was on his way into the store to notify the store clerk of a gas leak when he slipped and fell. (Doc. 7-3 at pp. 21–24). The Court accepts District Manager

---

such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.

Burise's uncontroverted declaration that no leakages or other malfunctions were reported regarding the pump used by Plaintiff, Pump #8, in the six months leading up to the incident. (Doc. 7-4 at ¶ 6).

Nor is there a sufficient showing of constructive notice. Just minutes prior to Plaintiff's fall inside the gas station store, Plaintiff had entered and exited the store and did not observe any substances on the ground at that time. (Doc. 7-3 at p. 15). After he stood up from his fall, he did not notice any puddle on the ground inside the store. (*Id.* at p. 29). There were no other customers at the gas station between the time that Plaintiff arrived at the gas station and the time Plaintiff fell. (*Id.* at pp. 13, 16, 23). The Court may be convinced that a hazardous condition existed in the store when Plaintiff fell, but "[e]vidence that the hazard was there at the time of the fall is said to be insufficient to carry plaintiff's burden of proof." *Bassett*, 836 So. 2d at 469. Plaintiff has failed to point to evidence in dispute indicating that the liquid was on the store floor for any length of time prior to his fall.

The fact that it had rained earlier that morning such that water had accumulated in front of the store is insufficient to prove constructive notice of store employees. In a case on very similar facts, our sister district court in the Western District of Louisiana granted a defendant's summary judgment on a Section 9:2800.6 claim for failure to show that the defendant had actual or constructive notice of an alleged wet floor in a gas station store, finding: "[t]hat the entrance way to the Store may have been more slippery in wet weather should have been obvious to a reasonably prudent person such as plaintiff." *Chavis v. Racetrac Petroleum,*

11

*Inc.*, No. CIV.A. 12-00481, 2014 WL 309352, at *4 (W.D. La. Jan. 27), *appeal dismissed for lack of jurisdiction*, (5th Cir. 2014). "A [premises] owner is not liable for an injury which results from a condition which should have been observed by the individual in the exercise of reasonable care or which was as obvious to a visitor as it was to the [premises] owner." *Williams v. Leonard Chabert Med. Ctr.*, 744 So. 2d 206, 211 (La. Ct. App. 1999), *writ denied*, 754 So. 2d 974 (La. 2000).

"Mere speculation or suggestion is not sufficient to meet [plaintiff's] burden, and courts will not infer constructive notice for purposes of summary judgment where the plaintiff's allegations are no more likely than any other potential scenario." *Adams v. Dolgencorp, L.L.C.*, 559 F. App'x 383, 386 (5th Cir. 2014). Here, where there is no evidence of anyone seeing any substance on the ground until after Plaintiff's fall, the Court concludes that the temporal inference Plaintiff seeks to draw is inappropriate. Plaintiff simply has failed to raise a genuine issue of material fact that Defendants created, or had actual or constructive notice of, an unreasonable risk of harm. Thus, he has failed to carry his burden to prove an essential element of his Section 9:2800.6 claim, which exclusively governs the matter.

## V. CONCLUSION

Accordingly,

**IT IS ORDERED** that the **Motion for Summary Judgment (Doc. 7)** filed by Defendants Murphy Oil USA, Inc. and Liberty Mutual Fire Insurance Company is **GRANTED**.

Baton Rouge, Louisiana, this 2nd day of September, 2015.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA